# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| Floorazzo Tile, LLC, | ) |
| | ) **CIVIL ACTION NO. _____** |
| Plaintiff, | ) |
| | ) **COMPLAINT FOR PATENT** |
| v. | ) **INFRINGEMENT** |
| | ) |
| Nurazzo, LLC, | ) Jury Trial Demanded |
| | ) |
| Defendant. | ) |

Plaintiff Floorazzo Tile, LLC ("Floorazzo"), brings this patent infringement action against Defendant Nurazzo, LLC, alleging as follows:

## NATURE OF THE ACTION

1. Floorazzo is the leading manufacturer of commercial pre-cast terrazzo tiles, mainly used in commercial and retail, education, and healthcare flooring applications.

2. This is an action for the infringement of United States Patent No. 8,033,079 (the "'079 patent") under the patent laws of the United States, Title 35, United States Code, arising from Nurazzo's unauthorized commercial manufacture, commercial marketing, distribution, offer for sale, sales, and/or use in the United States of the method and resulting terrazzo tiles claimed in the '079 patent.

1

3. With this action, Floorazzo seeks compensation for Nurazzo's willful acts of infringement and to prevent Nurazzo's continued infringement of Floorazzo's patented method and terrazzo tiles.

## PARTIES, JURISDICTION AND VENUE

4. Plaintiff Floorazzo is a North Carolina limited liability company with its principal place of business in Siler City, North Carolina.

5. Defendant Nurazzo is a Georgia limited liability company with its principal place of business in Whitfield County, Georgia. Nurazzo's Annual Registration with the Secretary of State of the State of Georgia, filed March 10, 2025, identifies its principal office as 212 Boring Drive, Dalton, Georgia, 30721, USA.

6. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338 because all claims arise under the patent laws of the United States.

7. Nurazzo is subject to general personal jurisdiction in this Court because it is a limited liability company organized under the laws of Georgia with its principal place of business in Whitfield County, Georgia.

8. Venue is proper in this Court under 28 U.S.C. § 1400(b) because Nurazzo, as a Georgia limited liability company with its principal place of business in Whitfield County, Georgia, resides in this judicial district.

## FACTUAL BACKGROUND

9. On October 11, 2011, the U.S. Patent and Trademark Office issued the '079 patent, entitled "Method of Manufacturing Terrazzo Tiles, Terrazzo Tiles and Flooring System Assembled with Terrazzo Tiles." A true and accurate copy of the '079 patent is attached to this complaint as **Exhibit A**.

10. Floorazzo is the assignee of the entire right, title, and interest in the '079 patent.

11. The '079 patent issued from a patent application filed on March 31, 2008 (Application No. 12/059,531), which claims priority to a provisional patent application filed on March 29, 2007 (No. 60/920,667).

12. The '079 patent discloses and claims a method of manufacturing terrazzo tiles, tiles manufactured in accordance with the method, and a terrazzo floor system.

13. The method, tiles and floor system of the '079 patent were invented by John H. Sich.

14. Sich invented a method of manufacturing terrazzo tiles for assembly into a floor covering, having characteristics similar to poured-in-place terrazzo floors without the expense of having skilled craftsmen and the required transport of large amounts of materials to the work site to assemble a poured in place floor. Sich's invention is a significant improvement over the old poured-in-place terrazzo floors.

15. The patented method includes:

   a. Mixing resin, filler, catalyst, and selected color pigment in an amount sufficient to form a curable composition;

   b. Pouring said curable composition into at least one mold in an amount sufficient to fill the mold while allowing space to add stone chips in an amount such that the mold does not overflow when stone chips are added;

   c. Pouring stone chips into said at least one mold in a manner to have a greater amount of stone chips settle toward the bottom of the mold in the composition than toward the top, thereby forming a composition and stone chip mixture therein;

   d. Curing the composition and stone chip mixture to form at least one rough tile; and

   e. Grinding and polishing tile in which the upper surface of the tile is the side toward which the greater amount of stone chips settled. (Claim 1.)

16. Floorazzo has manufactured and sold the patented terrazzo tiles since at least the '079 patent issued in 2011. The tiles when installed provide the appearance of a monolithic floor with no grout, providing faster installation and easier maintenance. Floorazzo tiles are stain resistant, easy to clean, and extremely

durable and able to withstand heavy rolling loads and foot traffic. These characteristics have made Floorazzo tiles a leading choice for hospital operating rooms and other healthcare facilities, airports and schools. Floorazzo sells its terrazzo tiles in over forty (40) resin background colors and with options of using marble, glass and other stones in the tiles.

## THE ACCUSED PRODUCTS

17. Upon information and belief, Nurazzo has infringed, and continues to infringe, the '079 Patent by making terrazzo tiles covered by one or more claims of the '079 Patent.

18. Upon information and belief, Defendant has known of the existence of the '079 patent, and its acts of infringement have been willful and in disregard for the '079 patent.

19. On March 27, 2024, Nurazzo and Spartan Surfaces announced their national partnership.[1] Accordingly, Nurazzo sells and offers to sell its infringing product throughout the United States.

20. Floorazzo and Nurazzo compete head-to-head in the market for terrazzo tiles. Nurazzo's infringing product is costing Floorazzo lost sales.

---

[1] *See Spartan and Nurazzo Announce National Partnership*, SPARTAN SURFACES, https://www.spartansurfaces.com/spartan-and-nurazzo-announce-national-partnership/ (last visited June 30, 2025).

21. Nurazzo's infringing product is also damaging Floorazzo's brand and causing confusion in the marketplace.

22. The effects of Nurazzo's infringing product in the market will be long lasting and will only increase the harm to Floorazzo if Nurazzo is permitted to continue making and offering the infringing product.

## COUNT FOR INFRINGEMENT OF THE '079 PATENT

23. Floorazzo incorporates all preceding averments by reference.

24. By using the method claimed in the '079 patent and making, offering for sale, and selling the terrazzo tile resulting from that method, Nurazzo infringes at least claim 1 of the '079 patent.

25. For example, claim 1 discloses "a terrazzo tile made according to a method, the method comprising: [a] mixing resin, filler, catalyst, and selected color pigment in an amount sufficient to form a curable composition; [b] pouring said curable composition into at least one mold in an amount sufficient to fill the mold while allowing space to add stone chips in an amount such that the mold does not overflow when stone chips are added; [c] pouring stone chips into said at least one mold in a manner to have a greater amount of stone chips settle toward the bottom of the mold in the composition than toward the top, thereby forming a composition and stone chip mixture therein; [d] curing the composition and stone chip mixture to form at least one rough tile; and [e] grinding and polishing tile in which the upper

surface of the tile is the side toward which the greater amount of stone chips settled." Upon information and belief, Nurazzo's terrazzo tile satisfies each limitation of claim 1.

26. The first limitation of claim 1 is "a terrazzo tile made according to a method, the method comprising: [a] mixing resin, filler, catalyst, and selected color pigment in an amount sufficient to form a curable composition." Upon information and belief, including based on examination of Nurazzo's tiles, Nurazzo's manufacturing process and its terrazzo tiles satisfy this limitation.[2] For example, the image below of a Nurazzo terrazzo tile shows at least a mixing resin, filler and selected color pigment:



---

[2] The facts surrounding Nurazzo's manufacturing process are peculiarly within the possession and control of the defendant.

27. The second limitation of claim 1 is "a terrazzo tile made according to a method, the method comprising . . . [b] pouring said curable composition into at least one mold in an amount sufficient to fill the mold while allowing space to add stone chips in an amount such that the mold does not overflow when stone chips are added." Upon information and belief, Nurazzo's terrazzo tile satisfies this limitation. For example, the image below of a Nurazzo terrazzo tile shows at least a mixing resin, filler and selected color pigment, as well as stone chips:



28. The third limitation of claim 1 is "a terrazzo tile made according to a method, the method comprising . . . [c] pouring stone chips into said at least one mold in a manner to have a greater amount of stone chips settle toward the bottom of the mold in the composition than toward the top, thereby forming a composition and stone chip mixture therein." Nurazzo's terrazzo tile satisfies this limitation. For

example, the images below of the top (polished) and bottom (rough) surfaces of a Nurazzo terrazzo tile show at least a mixing resin, filler and selected color pigment, as well as stone chips. In addition, the left image (top polished surface) shows a greater amount of stone chips than the right image (bottom surface).



29.     The fourth limitation of claim 1 is "a terrazzo tile made according to a method, the method comprising . . . [d] curing the composition and stone chip mixture to form at least one rough tile." Nurazzo's terrazzo tile satisfies this limitation. For example, as shown in the image above, Nurazzo's terrazzo tiles are cured and have one rough side.

30.     The fifth limitation of claim 1 is "a terrazzo tile made according to a method, the method comprising . . . [e] grinding and polishing tile in which the upper surface of the tile is the side toward which the greater amount of stone chips settled."

Nurazzo's terrazzo tile satisfies this limitation. For example, as shown in the images below, Nurazzo's terrazzo tiles have a polished upper surface (left) that has a greater amount of stone chips than the unpolished lower surface (right).



31.     On information and belief, Nurazzo's infringement has been, and continues to be knowing, intentional, and willful.

32.     Nurazzo's acts of infringement of the '079 patent have caused and will continue to cause Floorazzo damages for which Floorazzo is entitled to compensation pursuant to 35 U.S.C. § 284.

33.     Nurazzo's acts of infringement of the '079 patent have caused and will continue to cause Floorazzo immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Floorazzo has no adequate remedy at law.

## JURY DEMAND

Floorazzo demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Floorazzo, LLC prays that this Court:

1. Enter judgment in favor of Floorazzo;

2. Preliminarily and permanently enjoin Nurazzo from infringing the '079 patent and from making, using, selling, and offering for sale the claimed method and resulting terrazzo tile, including under 35 U.S.C. § 283;

3. Award damages sufficient to compensate for Nurazzo's infringement together with interest and costs, along with enhanced damages, under 35 U.S.C. § 284;

4. Find this to be an exceptional case and award reasonable attorney fees under 35 U.S.C. § 285;

5. Award expenses, and costs as allowed by law; and

6. Grant other such relief to which Floorazzo may be entitled and that the Court deems just and proper.

Dated: July 16, 2025

SMITH, ANDERSON, BLOUNT,
DORSETT, MITCHELL & JERNIGAN,
L.L.P.

By: */s/ S. Chase Parker*
    Kelsey I. Nix (pro hac vice pending)
    S. Chase Parker (GA Bar No. 155875)
    Post Office Box 2611
    Raleigh, North Carolina 27602-2611
    Telephone:  (919) 821-1220
    Facsimile:  (919) 821-6800
    knix@smithlaw.com
    cparker@smithlaw.com